CINCINNATI, COVINGTON & ERLANGER RAIL-WAY COMPANY *v.* COMMONWEALTH OF KENTUCKY.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 253.  Argued March 18, 19, 1920.—Decided April 19, 1920.

Decided on the authority of *South Covington & Cincinnati Street Ry. Co.* v. *Kentucky, ante,* 399.
181 Kentucky, 449, affirmed.

THE case is stated in the opinion.

*Mr. Alfred C. Cassatt,* with whom *Mr. J. C. W. Beckham, Mr. Richard P. Ernst* and *Mr. Frank W. Cottle* were on the briefs, for plaintiff in error.

*Mr. Stephens L. Blakely,* with whom *Mr. Chas. I. Daw-son,* Attorney General of the Commonwealth of Kentucky, was on the brief, for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

This case was argued with No. 252, *South Covington & Cincinnati Street Ry. Co.* v. *Kentucky, ante,* 399. It was disposed of by the Court of Appeals with that case in one opinion. The company was indicted as the other company was for a violation of the Separate Coach Law of the State and found guilty. The facts are in essence the same as in the other case, though the indictment is more elaborate. The defenses and contentions are the same. We have stated them, and upon what they are based, and the character and relation of the companies, in our opinion in the other case.

The company is an interurban road and the Separate Coach Law is applicable to it. It was incorporated under the general laws of the State and authority conferred upon it to construct and operate an electric railway from the City of Covington to the town of Erlanger, and to such further point beyond Erlanger as might be determined. It was constructed from Covington to a point just beyond the suburban town called Fort Mitchell, a town of a few hundred inhabitants.

The South Covington and Cincinnati Street Railway Company furnished the means to build the road and at the time covered by the indictment was operating the road as part of its railway system as described in the other case.

The intimate relations of the roads as stated by the Court of Appeals, we have set forth in the other case, and it is only necessary to add that the indictment in the present case charges that the company in this case was

the lessor of the other company and thereby "permitted and brought about the acquisition of its rights and privileges knowing that" the other company, "would not operate and run separate coaches for its white and colored passengers." And, it is charged that the other company operating the lease violated the law and that the defendant company knowing of the intended method of operation, also violated the law. These facts and other facts the Court of Appeals decided made the company an offender against the statute, and decided further that the statute was not an interference with interstate commerce. The conviction of the company was sustained.

Our reviewing power, we think, is limited to the last point, that is, the effect of the law as an interference with interstate commerce, and that we disposed of in the other case. The distinction counsel make between street railways and other railways, and between urban and interurban roads, we are not concerned with.

*Judgment affirmed.*

MR. JUSTICE DAY, dissenting.

This case is controlled by the disposition made of No. 252. While it is true that the Erlanger Company was incorporated under the laws of the State of Kentucky, the proof shows that its road was built and operated by the South Covington & Cincinnati Street Railway Company as part of the latter's system. This is not a proceeding to test the right to operate the road. The conviction is justified because the local company permitted the principal company to operate without separate coaches or compartments for its colored passengers. The traffic conducted is of an interstate nature, and the same reasons which impel a dissent in No. 252 require a like dissent in the present case.

In my opinion the single traffic over both railroads being

interstate, the regulation embodied in the statute and for which the conviction was had, as to both roads, is an unreasonable and burdensome interference with interstate commerce.

MR. JUSTICE VAN DEVANTER and MR. JUSTICE PITNEY concur in this dissent.